# IN RE: STEPHEN J.

[No. 1333, Steptember Term, 1980.]

*Decided May 13, 1981.*

The cause was submitted on briefs to MORTON, MOYLAN and WILNER, JJ.

Submitted by *Stephen H. Sachs, Attorney General, F. Ford Loker, Assistant Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Jeffrey T. Wennar, Assistant State's Attorney for Prince George's County,* for appellant.

Submitted by *Patrick R. Duley* for appellee.

MORTON, J., delivered the opinion of the Court.

A delinquency petition was filed in the Circuit Court for Prince George's County, Juvenile Causes Division, on May 13, 1980, charging Stephen J. with burglary and related offenses. The State filed a petition for waiver of juvenile jurisdiction on July 15, 1980. After a hearing on August 15, 1980, the petition was dismissed. The adjudicatory hearing on the delinquency petition was set for September 15, 1980.

At the hearing on that date counsel for the juvenile moved to dismiss the petition on the ground that the hearing on September 15, 1980, "is over thirty days past the dismissal or denial of the waiver . . . ." He argues that the holding of an adjudicatory hearing on that date (concededly 31 days after the denial of the State's petition) would be in violation of Maryland Rule 914. That rule provides, in part:

"RULE 914. ADJUDICATORY HEARING.

a. Requirement.

After a juvenile petition has been filed, and unless jurisdiction has been waived, the court shall hold an adjudicatory hearing.

b. Scheduling of Hearing.

An adjudicatory hearing shall be held within sixty days after the juvenile petition is served on the respondent. However:

(i) if a waiver petition is filed, an adjudicatory hearing shall be held within thirty days after the court's decision to retain jurisdiction at the conclusion of the waiver hearing . . . ."

In dismissing the delinquency petition, the juvenile judge stated:

"THE COURT: Gentlemen, I am going to shoot from the hip but in light of some of the other decisions of the Court of Appeals, particularly in the adult criminal field, particularly such things as the Hicks case and other cases that have come down where they have very seriously shot at nisi prius judges and told them that rules are to be followed and not to be run roughshod over, I am going to grant the respondent's motion and dismiss the petition."

We think the juvenile judge should have taken more accurate aim at Maryland Rule 8, which provides, in part:

"*In computing any period of time prescribed by these Rules* or order of a court, or by an applicable statute, the day of the act, event, or default, after \which the designated period of time begins to run is not to be included. Saturdays, Sundays and legal holidays shall be counted when the prescribed period is more than seven days; otherwise these days shall not be counted. *When the last day so computed would fall on a Saturday, Sunday or legal holiday, the period shall extend to the first day thereafter not one of these days.*" (Emphasis added.)

It is conceded that the thirty days after the filing of the petition was a Sunday. In our view, the thirty day requirement in Rule 914 must be read in conjuction with the method for time computation set forth in Rule 8. When this is done, it becomes self evident that the conduct of the adjudicatory hearing on September 15, 1980, would have been proper. Accordingly, it was error to dismiss the delinquency petition.

> *Judgment reversed and case remanded for adjudicatory hearing; costs to be paid by Prince George's County.*